UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JIMMY D. JONES,             )
             )
        Petitioner,       )
             )
       v.           )      No. 2:17-cv-00515-WTL-DLP
             )
RICHARD BROWN,        )
             )
        Respondent.     )

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Jimmy D. Jones for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 13-10-0001. For the reasons explained in this Order, Mr. Jones's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.     The Disciplinary Proceeding**

On September 27, 2013, Victoria Lloyd wrote a Conduct Report charging Mr. Jones with

A-111/113, conspiracy to traffic.  Dkt. No. 9-1 at 1.  The Conduct Report states:

> On 09/27/2013, routine opening of mail was made of mail going to Jimmy Jones
> 891782[.] Concealed within the mailed material I found the below listed contraband
> and confiscated the mailed material per policy. The mailed material was addressed
> to Jimmy Jones 891728 P.O. Box 1111 Carlisle, IN 47838[.] Return address read
> Evelyn Hollibaugh 1844 Winston Ave. Indianapolis, IN 46218. Had offender
> Jimmy Jones been successful in obtaining the mailed material, the contraband listed
> below would have entered the facility where it could be used, sold, traded, etc.
> thereby breaching the safety and security of the facility and placing offenders and
> staff in peril.
>
> The contraband found in this instances was as follows: 3 Orange Strips with N8 on
> them (Suboxone Strips) hidden in the return address lab[el] of a greeting card style
> mail.
>
> The offender named in the charging document was in violation of the ADPP
> A111/A113 in that he conspired, attempted to conspire, aided or abetted with
> another to traffic[] via the US Mail.

*Id*.  Two cards were confiscated, and photographs were taken of the card, envelope, label, and

Suboxone strips.  Dkt. No. 9-2.  In addition, the Facility Lead Investigator, Robbie Marshall,

provided an email and additional photo evidence, *see* Dkt. No. 9-3 at 2-4, corroborating that the

confiscated items were Suboxone strips, stating:

> On September 27, 2013, inmate Jimmy Jones # 891782 received correspondence.
> Concealed in the correspondence, Suboxone was located. The Suboxone was
> identified by unique characteristics, such as[:] color (orange), size (approx. ¾")
> and markings (N8) on the strips. These features are utilized as recognizable
> characteristics that help aid in identification of said substances.

Dkt. No. 9-3 at 1.

Mr. Jones was notified of the charge on October 2, 2013, when he received the Screening

Report.  Dkt. No. 9-4.  He pleaded guilty to the charge, did not wish to have a lay advocate, and

did not request any witnesses or any physical evidence.  *Id.*  He also waived his right to 24 hours' advance notice before the disciplinary hearing.  *Id.*

The prison disciplinary hearing was held on October 2, 2013.  According to the notes from the hearing, Mr. Jones stated, "I plead guilty."  Dkt. No. 9-5.  Based on the staff reports and Mr. Jones's guilty plea, the hearing officer found Mr. Jones guilty of A-111/113, conspiracy to traffic.  The sanctions imposed included ninety days of earned-credit-time deprivation and a credit class demotion.

Mr. Jones appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied.  He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.      Analysis**

Mr. Jones's habeas petition challenges his prison disciplinary conviction solely on the ground that there was insufficient evidence to support the conviction.  *See* Dkt. No. 2.  He alleges that he has no control over who or what people might attempt to send to him through the mail.  In his reply, he further elaborates that there is no evidence that he conspired and instructed anyone to send him Suboxone through the mail.  *See* Dkt. No. 11.  The respondent asserts that there is "some evidence" to support his conviction.  Dkt. No. 9.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard.  "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."  *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).  The "some evidence"

standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section A-111 is entitled "Conspiracy/Attempting/Aiding or Abetting," and is defined as: "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Code Section A-113 is entitled "Trafficking," and is defined as: "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." *Id.* Attempt is defined as "when an offender commits acts which showed a plan to violate…a Department or facility rule…when the acts occurred." *See* IDOC Disciplinary Code for Adult Offenders, available at http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf. IC 35-44.1-3-5 defines a person who commits trafficking to be "[a] person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally: (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility."

The Conduct Report in this case establishes that Mr. Jones was the intended recipient of a controlled substance without authorization of prison officials. A rational adjudicator could readily conclude that Mr. Jones was attempting to traffic that controlled substance into the prison. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could

have found … [the petitioner] guilty of the offense on the basis of the evidence presented"); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The Court will not reweigh the evidence. The Conduct Report and the thorough investigation by Investigator Marshall are "some evidence," under *Ellison,* supporting the hearing officer's finding that Mr. Jones was guilty of conspiring to traffic. Accordingly, habeas relief is not available to Mr. Jones.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Jones to the relief he seeks. Accordingly, Mr. Jones's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:   7/19/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JIMMY D. JONES
891782
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov